IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEVI LUGINBYHL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWTON CORRECTIONS )<br>REHABILITATION CENTER, et al., )<br>)<br>Defendants. ) | Case No. CIV-23-00939-JD |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Shon T. Erwin on September 12, 2024, to which Plaintiff Levi Luginbyhl ("Plaintiff") timely objected [Doc. Nos. 38, 39]. Upon its review and consideration, the Court accepts the R. & R. [Doc. No. 38].

Plaintiff, a prisoner appearing *pro se*, initiated this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. No. 1]. The Court referred the case to Judge Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C), and Judge Erwin reviewed the Complaint and determined certain deficiencies. [Doc. No. 23]. Judge Erwin cited the following deficiencies in Plaintiff's Complaint: (1) although Plaintiff cited numerous statutes, he failed to tie any of those statutes to specific claims; (2) Plaintiff's Complaint was difficult to decipher; and (3) Plaintiff did not tie each of the Defendants listed in his Complaint to specific allegations of wrongdoing. [*Id.* at 1–2]. Judge Erwin ordered Plaintiff to file an amended complaint to address the above deficiencies in his Complaint, to comply with Federal Rule of Civil Procedure 8(a), to

limit the amended complaint to twenty pages, and to use the court's approved form. [*Id.* at 3–4]. Judge Erwin also ordered Plaintiff to refrain from filing any further pleadings until he had screened Plaintiff's amended complaint. [*Id.* at 4]. Judge Erwin gave a deadline of May 31, 2024, for Plaintiff to comply. [*Id.*]. The court informed Plaintiff that his failure to comply with the court's order could cause dismissal of his case. [*See id.* at 3–4 (explaining that in his other pending case,[1] "Plaintiff has been repeatedly instructed to utilize the Court's approved form, and he has repeatedly failed to do so. In this case, Plaintiff will be given one opportunity to file an Amended Complaint, utilizing the Court's approved form or risk dismissal of his case under Federal Rule of Civil Procedure 41" and identifying the deficiencies Plaintiff must correct in his amended complaint)].

    Plaintiff then filed a Motion to Add Defendants. [Doc. No. 25]. Judge Erwin granted Plaintiff's motion, recognizing that Plaintiff had not yet filed a proper amended complaint and that Plaintiff may include additional Defendants in his amended complaint. [Doc. No. 36 at 1]. However, Judge Erwin reiterated his directions for Plaintiff to file an amended complaint compliant with the instructions outlined above. [*Id.* at 1–5]. Judge Erwin also noted that in Plaintiff's Motion to Add Defendants, Plaintiff named seven additional defendants but "it is not altogether clear regarding the alleged wrongdoing attributed to each of them." [*Id.* at 2–3]. Judge Erwin provided a new deadline of August 20, 2024, for Plaintiff to comply with the court's orders and file an amended complaint. [*Id.* at 5].

---

[1] The other pending case, 23-cv-937-JD, remains pending.

On August 15, 2024, Plaintiff filed his Amended Complaint. [Doc. No. 37]. While Plaintiff used the court's approved *pro se* prisoner civil rights complaint form, he inserted numerous single-spaced, small-type-font pages, and the overall Amended Complaint with those inserted pages is twenty-six pages. He did not seek leave of the court to exceed Judge Erwin's twenty-page limitation on the Amended Complaint.

Acting *sua sponte*, Judge Erwin issued the R. & R., recommending that the Court dismiss Plaintiff's Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders regarding the contents of the Amended Complaint. [Doc. No. 38]. The R. & R. recommends dismissing the Amended Complaint for (1) exceeding the twenty-page limit, (2) failing to tie the over seventy-five statutes cited in the Amended Complaint to a particular defendant and cause of action, (3) failing to tie specific defendants to specific claims, and (4) failing to comply with Rule 8(a), which requires a "short and plain statement" of the court's jurisdiction and the claims set forth and instead filing an Amended Complaint that is "difficult to decipher." [*Id.* at 3–4]. The R. & R. advised Plaintiff of his right to object by September 30, 2024, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 4–5].

Plaintiff filed objections to the R. & R. on September 25, 2024, objecting on several grounds. [Doc. No. 39]. First, Plaintiff states he did provide "Requests of Staff" supporting his claims. [*Id.* at 1]. Second, Plaintiff states he is unable to comply with court orders due to limited time in the law library and that the court's limitation upon page numbers prejudices his claims. [*Id.*]. Third, Plaintiff says the court did not send him the

court's local rules. [*Id.*]. Fourth, Plaintiff asserts that the court's refusal to elaborate on his legal theories in order "to round out a plaintiff's complaint" is unconstitutional. [*Id.*].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court addresses each of Plaintiff's objections below.

Regarding Plaintiff's first objection, he seems to assert that, by attaching "Requests of Staff" to his original Complaint, he has complied with the court's orders requiring him to tie specific statutes to particular defendants and claims. [*See* Doc. No. 39 at 1 ("I did provide material facts "Request of Staffs" **signed and dated** by the defendants concerning each claim and state statutes or related statutes for such claims or defenses.") (emphasis in original)]. Plaintiff did attach a Request to Staff to his original Complaint, which outlines some of the factual assertions underlying his claims. [Doc. No. 1-3]. It does not, however, satisfy Judge Erwin's specific instructions that stated as follows:

> any law or statute cited in the Amended Complaint must be specifically tied to: (1) specific factual allegations regarding the alleged wrongdoing premised on said law or statute and (2) a specific named Defendant who

4

> allegedly committed the wrongdoing. Any law or statute cited by Plaintiff which does not comply with this directive will not be considered by the Court.

[Doc. No. 23 at 4; *see also* Doc. No. 36 at 4]. Accordingly, the Court concludes that Plaintiff has not complied with the court's orders and overrules this objection.[2]

The Court now turns to Plaintiff's second objection that he was unable to comply with the court's orders because of limited time in the law library and that the court's page limitation prejudices his claims. [Doc. No. 39 at 1]. Although the Court reads Plaintiff's pleadings liberally because he proceeds *pro se*, Plaintiff has the same obligation to comply with the court's orders, the Federal Rules of Civil Procedure, and local rules as other litigants. [*See* Doc. No. 23 at 2–3 (outlining Plaintiff's obligation to comply with Fed. R. Civ. P. 8(a))]. *See also Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) (affirming dismissal without prejudice where the magistrate judge reviewed the complaint and "found it confusing, prolix, and repetitive," the plaintiffs were afforded an opportunity to file an amended complaint that complied with the pleading requirements of Rule 8, and the district court determined the amended complaint failed to resolve the concerns); *Georgacarakos v. Watts*, 368 F. App'x 917, 918–19 (10th Cir. 2010) (unpublished) (affirming dismissal without prejudice where *pro se* litigant failed to comply with court orders and the local rules).

---

[2] Additionally, the Court notes that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) and *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

Plaintiff never sought leave of the court to file excess pages or sought additional time to comply in response to Judge Erwin's orders. [Doc. Nos. 23, 36]. Plaintiff had from May 9, 2024, the date of Judge Erwin's first order, [Doc. No. 23], until August 20, 2024, the deadline in Judge Erwin's second order, [Doc. No. 36], to prepare an amended complaint curing the deficiencies. Moreover, federal courts may supervise litigation and regulate litigation practices to keep their dockets manageable. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing that courts have "'inherent power' . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *cf. Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1111–12 (10th Cir. 2007) (holding that, where the appellant had requested leave to exceed the district court's twenty-page limit on a summary judgment response brief, the appellant failed to demonstrate that the limitation rose "to the level of an abuse of discretion"). Plaintiff has not explained how limited time in the library or page limits caused his failure to comply with Judge Erwin's orders, which specifically described for Plaintiff the deficiencies to cure in his Amended Complaint with citation to relevant rule text and case authority. *Cf. Lemmons v. Clymer*, 609 F. App'x 949, 956 (10th Cir. 2015) (unpublished) (concluding that, in the context of a denial of access to courts claim, *pro se* prisoner failed to demonstrate that the inadequate law library access or lack of legal representation or legal assistance hindered his ability to state a claim for relief); *Montana v. Lampert*, 262 F. App'x 914, 917 (10th Cir. 2008) (unpublished) (same). The Court, therefore, does not find this is a valid objection to the R. & R.

Third, Plaintiff objects that he could not comply with the court's orders because he

6

did not have the local rules. Although the R. & R. cites Plaintiff's violation of the local rules, the court ultimately recommends dismissing Plaintiff's claims because Plaintiff did not comply with the court's orders. [*See* Doc. No. 38 at 4 (stating "in light of the Court's right and responsibility to manage its cases, Plaintiff's failure to comply with the prior Orders warrants dismissal of this action without prejudice"). The court's orders provided specific instructions for how Plaintiff could address the deficiencies in his original Complaint. [*See* Doc. Nos. 23, 36]. *See also Jackson v. Jackson*, 377 F. App'x 829, 831 (10th Cir. 2010) (unpublished) (affirming dismissal where the *pro se* litigant "was given the opportunity to cure the deficiencies in his filings and he failed to do so"). Therefore, Plaintiff's lack of access to the local rules did not affect his ability to comply with the court's orders.

Lastly, the Court addresses Plaintiff's objection regarding the court's refusal to supply facts and legal theories to round out his claims. [Doc. No. 39 at 1]. The law in the Tenth Circuit is well-established that, while the Court can hold *pro se* litigants to "less stringent standard[s]" than those represented by counsel, the Court cannot serve as an advocate. *See Hall*, 935 F.2d at 1110; *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that "the court cannot take on the responsibility of serving as the litigant's attorney"). The Court, therefore, overrules Plaintiff's final objection to the R. & R. and adopts the R. & R.

The Court lastly addresses comments Plaintiff made in his objections regarding appointment of counsel. Although moot at this point in the case, requests for court action, such as to appoint counsel, must be made in the form of a motion, which Plaintiff has not

done. *See* Fed. R. Civ. P. 7(b)(1) (a request for court order must be made by motion).

For the reasons outlined above, the Court overrules Plaintiff's objections, and the Court ACCEPTS the R. & R. [Doc. No. 38]. The Court dismisses Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 4th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE